IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MIKE CASTRO *et al.*,

    Plaintiffs,

    v.                                        CIV No. 13-483 SWS/GBW

LARRY BLEIMEYER, *et al.*,

    Defendants.

## ORDER STAYING DISCOVERY

THIS MATTER is before the Court on Defendants' Motion for Protective Order Staying Discovery Pending the Court's Disposition of Motion for Summary Judgment on the Basis of Qualified Immunity. *Doc. 37*. The Court, having reviewed the Motion and Response thereto (*doc. 42*), and being otherwise fully advised, will GRANT the motion.

**I.   RELEVANT LAW**

Defendants assert that their non-frivolous motion based upon qualified immunity requires that discovery be stayed pending its resolution. Plaintiffs concede that general rule but argue that the "facts in the present case dictate an exception." *Doc. 42* at 1. Specifically, Plaintiffs allege that the affidavits of Defendants presented with their motion for summary judgment contain false statements of fact such that "it is imperative that Plaintiffs be allowed discovery to further test the truthfulness of the

information contained in [the] affidavits." *Id*. at 2.  Consequently, Plaintiff request limited discovery pursuant to Rule 56(d).

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).  The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001).  Because qualified immunity protects against the burdens of discovery as well as trial, the Court has also emphasized that trial courts should resolve the issue before discovery if at all possible. *See Siegert v.Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *accord Jones v. City and Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988). As a consequence, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).  Moreover, once a single defendant raises the issue of qualified immunity in a dispositive motion, discovery for all defendants should generally be stayed.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009).  Finally, the qualified immunity

2

defense may be asserted at various stages in the litigation process. *See Robbins v. Wilkie*, 433 F.3d 755, 762-63 (10th Cir. 2006), *rev'd on other grounds*, 549 U.S. 1075 (2006) (citing *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)) (noting Supreme Court's holding that qualified immunity may be raised at multiple stages because "different legal factors are relevant at various stages").

### III.  ANALYSIS

Upon review of the briefing in this matter, the Court finds that a stay of general discovery is appropriate at this time. Indeed, in seeking only limited discovery in their response, Plaintiffs appear to concede that discovery, beyond the particular discovery they request, should be stayed.

Plaintiffs' request for limited discovery is made pursuant to Rule 56(d). *See doc. 42*, Ex. 1. Although they are related, Plaintiffs' request for limited discovery and Defendants' motion for a stay are analytically separate. Rule 56(d) permits a party to identify "facts essential to justify its opposition" to a summary judgment motion which the party cannot yet present. FED. R. CIV. P. 56(d). If a party properly does so, the Court may defer considering the motion, deny it, allow additional time for the "essential" discovery to occur, or issue any other appropriate order. *Id.* In the context of discovery where a qualified immunity defense has been raised, use of the Rule 56(d) mechanism after the entry of a broad discovery stay has significant salutary effects. It preserves the protection of qualified immunity by preventing "broad-reaching" discovery, but permitting limited discovery which may be necessary when the doctrine is asserted in a

3

motion for summary judgment on contested factual assertions. *See Crawford-El v. Britton*, 523 U.S. 574, 600 n.20 (1998). For these reasons, the Court's granting of Defendant's motion to stay shall be subject to the ruling on Plaintiff's motion for discovery under Rule 56(d). If the Court determines that certain facts are essential to resolving the summary judgment motions and that discovery on those facts should be permitted, it will allow limited discovery as described in that order.

In this case, it would not be appropriate for the undersigned to rule on Plaintiff's 56(d) request. The key question when considering a Rule 56(d) request is whether the additional facts on which the party seeks discovery are essential to ruling on the underlying summary judgment motion. Of course the ruling on the underlying summary judgment motion will be made by the presiding judge. As such, the determination whether a particular fact is essential to the ruling ordinarily will be uniquely within the province of the presiding judge. In some cases, the essentiality of a fact may be so apparent that the discovery judge, such as the undersigned in the instant case, should consider the Rule 56(d) request. However, in this case, it is more appropriate for the presiding judge to determine if further investigation of the alleged false statements in the affidavits would impact his decision.

Given that the Plaintiffs raised the 56(d) request in their response to the motion to stay, the matter is not clearly before the presiding judge. Thus, should Plaintiffs still wish to conduct limited discovery, they should file a separate motion for discovery pursuant to Rule 56(d) requesting that the presiding judge permit certain limited

discovery and defer considering the motion until such discovery is conducted. This motion must be filed no later than April 9, 2014.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion, *doc. 37*, is GRANTED, and discovery in this matter is hereby STAYED pending the Court's disposition of Defendants' motion for summary judgment (*doc. 35*) subject to any exceptions laid out in the ruling on a subsequent motion from Plaintiffs for limited discovery under Rule 56(d).

IT IS SO ORDERED.

_____
G.
UNITED STATES MAGISTRATE JUDGE